UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KEVIN KENDELL BOONE,

        Plaintiff,              Case No. 2:20-cv-26

v.                                    Honorable Robert J. Jonker

AMY ROBARE et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under Federal Rule of Civil Procedure 21, the Court is permitted to drop parties *sua sponte* when the parties have been misjoined. Pursuant to that rule, the Court will drop as misjoined Defendants Unknown Party #1, Sabrina Davis, Jeffery Luther, Unknown Vashaw, David Maranka, Lynn Sandborn, Unknown Barber, Nicole Doolittle, Unknown Ferguson, Tracey Shafer, Unknown Green, Unknown Eastham, Unknown Party #2, Unknown Corning, John Davids, Adam Yuhas, Dennis Cassel, and Unknown Party #3, and dismiss Plaintiff's claims against them without prejudice.

With regard to the claims that remains, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Reviewing Plaintiff's remaining claims against that standard, the Court will dismiss Plaintiff's claims against Defendants Huss, Grant, Negrinelli, Denbeste, Laitinen, and Cody, because the claims have been raised and resolved previously in *Boone v. Grant et al.*, No. 2:19-cv-97 (W.D. Mich. June 12, 2019) (*Boone I*), are barred by the doctrine of *res judicata*, and Plaintiff's attempt to raise them again is frivolous. With regard to Defendant Robare, Plaintiff has failed to state a claim upon which relief can be granted.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF), in Ionia County, Michigan. The events about which he complains, occurred at that facility after he was transferred there on March 19, 2019, and at the Marquette Branch Prison (MBP), where he was housed before his transfer to ICF.

Plaintiff sues personnel from ICF: Nurse Unknown Party #1, ADW Sabrina Davis, RUM Jeffery Luther, DW Unknown Vashaw, Unit Chief David Maranka, DW Lynn Sandborn, Inspector Unknown Barber, Nurse Nicole Doolittle, Captain Unknown Ferguson, Nurse Tracey Shafer, LMSW Unknown Green, LMSW Unknown Eastham, Mental Health Rights Specialist Unknown Party #2, Nurse Unknown Corning, Warden John Davids, Grievance Coordinator Adam Yuhas, Inspector Dennis Cassel, and PA Unknown Party #3.

Plaintiff also sues personnel from MBP: Social Worker Amy Robare, Warden Erica Huss, Nurse Unknown Grant, Nurse Unknown Negrinelli, ADW Denbeste, RUM Unknown Laitinen, and PC Unknown Cody.

2

Plaintiff alleges that on February 5, 2019, while he was housed at MBP, Nurse Grant "poisoned" him by giving him incorrect medication (Tegretol and Levothyroxine) instead of Remeron. Plaintiff claims that he suffered headaches, stomach pain, and pelvis pain as a result of being poisoned.

Plaintiff sought medical treatment. Defendant Negrinelli came to Plaintiff's cell, heard his complaints, and informed Plaintiff that his suffering was simply justice for Plaintiff's assault on staff. Negrinelli refused to treat Plaintiff and walked away laughing.

On March 3, 2019, Plaintiff saw Negrinelli during clinic hours. Plaintiff told Negrinelli about his continuing symptoms. Negrinelli said that was appropriate punishment for Plaintiff's assault on staff.

On March 14, 2019, at Plaintiff's segregation behavior review, Plaintiff told Defendants Denbeste, Laitinen, Cody, and Robare about his symptoms and Negrinelli's refusal to provide medical treatment. Defendant "Denbeste looked around at each defendant before saying 'You (Plaintiff) have no right to medical treatment. You (Plaintiff) have assaulted our staff and we (all the Defendants) have been assigned by the Warden (Defendant Warden, Erica Huss) to make sure that you die.'" (Compl., ECF No. 1, PageID.11.) Four days later, Plaintiff was transferred to ICF.

At ICF, Plaintiff describes similar behavior by healthcare personnel: they refused to treat him or provided him with inappropriate medication. Moreover, at ICF, during multiple segregation behavior reviews, the participants, represented by the highest-ranking person present, informed Plaintiff that he would continue to suffer because he had harmed staff. Petitioner made

3

other Defendants aware of the inappropriate medical care and intent to harm him by way of grievances. His grievances were ignored.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages exceeding $1,500,000.00.

## II. Misjoinder

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free rein to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report).

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

4

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil § 1655 (3d ed. 2001), *quoted in Proctor*, 661 F. Supp. 2d at 778, and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts of . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Michigan Dep't of Corr.*, No. 07-10831 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

5

Permitting improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person -- say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions -- should be rejected if filed by a prisoner.

6

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998); *Shephard v. Edwards*, 2001 WL 1681145, *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule). To allow Plaintiff to proceed with improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should his claims turn out to be frivolous.

Plaintiff's first claim—the first in time and place and the first presented in his complaint—is his claim that MBP Nurse Grant poisoned him. Plaintiff's remaining claims against the MBP Defendants, including the first-named Defendant, bear at least some relationship to his claim against Nurse Grant in that those claims arose in the same prison, at about the same time, and arose out of the refusal to treat the damage Nurse Grant caused. Indeed, Plaintiff's allegations suggest that he was mistreated at MBP at the direction of Warden Erica Huss.

Plaintiff alleges that the ICF Defendants bore him ill will for the same reason the MBP Defendants did—Plaintiff's assault of a staff member—but no facts are alleged to suggest

7

that the common motivation was part of some overall conspiratorial plan. There is no indication that ICF acted at the direction of Erica Huss. To the contrary, Plaintiff's first contact at ICF, Nurse Unknown Party #1, expressed dismay that the MBP staff had responded to Plaintiff's offense so mildly. She thought they should have "beat [Plaintiff] senseless." (Compl., ECF No. 1, PageID.12.) She indicated that ICF staff would "show Plaintiff." (*Id.*)

Plaintiff has essentially filed at least two complaints in one. An MBP complaint and an ICF complaint. They are raised against different Defendants, based on different conduct, at different times, in different places. The claims are discrete, there is no transactional relationship between them, even though the claims are similar. Therefore, the claims and parties are misjoined.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Gr., L.P.*, 541 U.S. 567, 572-73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'"); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially

adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

In this case, Plaintiff brings his causes of action against the improperly joined defendants under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

All of the actions about which Plaintiff complains occurred in 2019, well within the three-year period of limitations. Those claims are not at risk of being time-barred. Plaintiff therefore will not suffer gratuitous harm if the improperly joined Defendants are dropped and the claims against them dismissed. Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Unknown Party #1, Sabrina Davis, Jeffery Luther, Unknown Vashaw, David Maranka, Lynn Sandborn, Unknown Barber, Nicole Doolittle, Unknown Ferguson, Tracey Shafer,

Unknown Green, Unknown Eastham, Unknown Party #2, Unknown Corning, John Davids, Adam Yuhas, Dennis Cassel, and Unknown Party #3 from the action, and dismiss Plaintiff's claims against them without prejudice to the institution of new, separate lawsuits by Plaintiff.[1] *See Coughlin*, 130 F.3d at 1350 ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs."); *Carney*, 2008 WL 485204, at *3 (same).

## III. Frivolousness

A claim may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. An action that is barred by *res judicata* is legally frivolous. *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001); *Hill v. Elting*, 9 F. App'x 321 (6th Cir. 2001).

Plaintiff's claims against Defendants Huss, Grant, Negrinelli, Denbeste, Laitinen, and Cody are barred by the *res judicata* effect of the court's decision in *Boone I* (W.D. Mich. June 12, 2019). The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any

---

[1] Plaintiff is cautioned, again, that he must limit all future actions to claims and Defendants that are transactionally related to one another.

subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

The doctrine of *res judicata* further mandates that those who have contested an issue be bound by the results of the contest. *Baldwin v. Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931). Even an erroneous conclusion reached by a court in an original action does not deprive a defendant in a subsequent action of the right to rely on the plea of *res judicata*. *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927). It is direct review by appeal, not the filing of new complaints concerning the same issues, that corrects any erroneous conclusions a court might make. *Equitable Tr. Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269 (5th Cir. 1982).

The instant case meets all three prerequisites for the Court to apply *res judicata*. Plaintiff's prior suit was dismissed for a failure to state a claim, which is a decision on the merits. *See Federated Dep't Stores, Inc.*, 452 U.S. at 399 n.3 (citing *Angel v. Bullington*, 330 U.S. 183

(1947)). Additionally, the previous lawsuit was between the same parties: Plaintiff initiated both cases and, with the exception of Defendant Robare, the MBP parties in this suit were also parties in *Boone I*. Finally, Plaintiff raises the same claims.

In *Boone I*, Plaintiff complained that Defendant Grant poisoned him with the wrong medication, Defendant Negrinelli failed to provide treatment, Defendants Denbeste, Cody, and Laitinen refused to address Plaintiff's complaints of a lack of medical treatment, and Defendant Huss refused to address Plaintiff's complaints of a lack of medical treatment when the other Defendants brought it to her attention. The only difference between *Boone I* and the present complaint is that, in *Boone I*, Denbeste, Cody, and Laitinen learned of and refused to address Plaintiff's medical issues at a segregation behavior review on February 27, 2019, while in the present complaint, Plaintiff's concerns that he was not provided medical treatment and Defendants' refusal to address them were communicated at a segregation behavior review on March 14, 2019.

Despite the minor variation between Plaintiff's two complaints, Plaintiff is nonetheless "preclude[d] . . . from relitigating issues that were ***or could have been raised*** in that [earlier] action." *Federated Dep't Stores, Inc.*, 452 U.S. at 398 (emphasis added) (citing *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)). As the Supreme Court has articulated,

> [a] party seeking to enforce a claim . . . must present to the court . . . all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail.

*Baltimore S.S. Co.*, 274 U.S. at 320. If the law were otherwise, Plaintiff would have the ability to sue Defendant repeatedly, tailoring each successive complaint to respond to the previous dismissal.

Plaintiff filed the *Boone I* complaint several weeks after his transfer to ICF. He was well aware of the March 14, 2019, meeting when he filed *Boone I*. Plaintiff raised the refusal of Denbeste, Cody, Laitinen, and Huss to address his lack of medical treatment, a refusal that extended through May 6, 2019, the date he filed the complaint. Plaintiff necessarily included the refusal as communicated on March 14, 2019, when he filed *Boone I*.

But, even if the *Boone I* complaint did not necessarily include claims relating to the March 14, 2019, segregation behavior review meeting, it certainly could have included them. Accordingly, Plaintiff's claims in the instant action are barred by *res judicata* and his complaint against Defendants Grant, Negrinelli, Denbeste, Laitinen, Cody, and Huss is properly dismissed as frivolous.

**IV.     Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that Defendant Robare was present at a segregation behavior review on March 14, 2019. At that meeting, Plaintiff communicated his concern that he was not receiving medical treatment. Defendant Denbeste communicated his intent, purportedly at the direction of Defendant Huss, that Plaintiff suffer and die because he had assaulted staff. (Compl., ECF No. 1, PageID.11.) Plaintiff says nothing about Defendant Robare's participation beyond including her in the list of persons present.

Plaintiff's allegations arguably implicate his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish

14

those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). In other words, an Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. To satisfy the subjective component, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.* at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent to harm, but something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-

1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4).

The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 839; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839. "When a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff's allegations might evidence the appropriately blameworthy state of mind for Defendant Denbeste, but the allegations say nothing about Robare's state of mind. Plaintiff fails to allege any facts that show that Robare disregarded a known risk. She was at a meeting on March 14 where Plaintiff described head, back, stomach, and pelvis pain as well as vision problems. Denbeste made his statement, Plaintiff protested, and he was removed from the room.

16

Plaintiff was transferred four days later. Plaintiff offers no insight into what Robare said or did in response to Denbeste's statement. His allegations do not suffice to show that she was deliberately indifferent to Plaintiff's health or safety. Accordingly, Plaintiff has failed to state a claim against Defendant Robare for violation of Plaintiff's Eighth Amendment rights.

**Conclusion**

Having conducted the review authorized by the joinder rules, the Court will drop as misjoined parties Defendants Unknown Party #1, Sabrina Davis, Jeffery Luther, Unknown Vashaw, David Maranka, Lynn Sandborn, Unknown Barber, Nicole Doolittle, Unknown Ferguson, Tracey Shafer, Unknown Green, Unknown Eastham, Unknown Party #2, Unknown Corning, John Davids, Adam Yuhas, Dennis Cassel, and Unknown Party #3. The Court will dismiss Plaintiff's claims against the dropped Defendants without prejudice.

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against Defendants Huss, Grant, Negrinelli, Denbeste, Laitinen, and Cody have been raised and resolved previously in *Boone v. Grant et al.*, No. 2:19-cv-97 (W.D. Mich. June 12, 2019) (*Boone I*) and, therefore, are barred by the doctrine of *res judicata*. Those claims will be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Finally, Plaintiff's claims against Defendant Robare will be dismissed for failure to state a claim 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reason the Court dismisses Plaintiff's claims, the Court certifies that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess

the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

An order and a judgment consistent with this opinion will be entered.

Dated: __March 31, 2020__   /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE